UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| NICHOLAS BLETTE, | ) |
|         Plaintiff, | ) |
| v. | ) No. 1:16-cv-1462 |
| EDDIE TAYLOR individually, and as agent servant and/or employee of UNITED VAN LINES, LLC., UNITED VAN LINES, LLC | ) |
|         Defendants. | ) |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, NICHOLAS BLETTE, by and through his attorneys, GOLDBERG WEISMAN CAIRO, and complaining of the Defendants, EDDIE TAYLOR and UNITED VAN LINES, LLC., alleges as follows:

## JURISDICTION

1. That jurisdiction of the court attaches under the provisions of 28 U.S.C. § 1332 in that the amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00 and the parties are citizens of different states.

2. At the time of the incident, Nicholas Blette was a resident of the State of Illinois.

3. Defendant, Eddie Taylor, is a resident of the State of Missouri.

4. Defendant, United Van Lines, LLC., is a corporation organized under the laws of the State of Missouri.

[1262019/1]

## COUNT I

## NICHOLAS BLETTE V. EDDIE TAYLOR

1. On or about January 9, 2015, Plaintiff NICHOLAS BLETTE was the operator of a truck tractor, traveling in a generally southbound direction on Interstate 39, near milepost 29 in the Township of Minonk, County of Woodford, and State of Illinois.

2. At the aforesaid date and place, Defendant, EDDIE TAYLOR was the operator of a truck tractor, traveling in a generally northbound direction on Interstate 39, near milepost 29 in the Township of Minonk, County of Woodford, and State of Illinois.

3. At the aforesaid date and place, Defendant, EDDIE TAYLOR lost control of his truck tractor, slid through the center median and veered across the southbound lanes of Interstate 39, resulting in a collision with the truck tractor operated by Plaintiff, NICHOLAS BLETTE.

4. At said time and place, Defendant, EDDIE TAYLOR had the duty to operate said truck tractor in a reasonably safe manner and to exercise ordinary care and caution so as not to cause injury to others, specifically the Plaintiff, NICHOLAS BLETTE.

5. Notwithstanding the aforementioned duty, Defendant EDDIE TAYLOR then and there committed one or more of the following careless and negligent acts and/or omissions:

   a. Carelessly and negligently operated said motor vehicle;

   b. Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of their said motor vehicle;

   c. Failed to yield right of way to another vehicle, specifically Plaintiff's;

   d. Failed to keep an adequate, or any lookout during the operation of said motor vehicle;

   e. Failed to decrease the speed of his vehicle in order to avoid colliding with another vehicle;

[1262019/1]

  f. Failed to change the course of said motor vehicle so as to avoid striking Plaintiff's vehicle;

  g. Failed to give audible warning with his horn, when such warning was reasonable and necessary;

  h. Failed to decrease speed when special hazards existed by reason of weather;

  i. Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 2008, Chapter 625, Section 5/11-601(a);

  j. Failed to drive as nearly as practicable entirely within a single lane or move from a lane of traffic without first ascertaining that such movement could be made safely, in violation of Illinois Compiled Statutes, 2008, Chapter 625, Section 5/11-709(a);

  k. Otherwise carelessly, negligently, and improperly drove and operated the subject vehicle.

6. That one or more of the aforesaid careless acts and or omissions of the Defendant was a proximate cause of the collision and the person injuries hereinafter stated.

7. As a direct and proximate result of one or more of the aforementioned acts and/or omissions of Defendant EDDIE TAYLOR, Plaintiff NICHOLAS BLETTE, sustained injuries of a personal and pecuniary nature. Plaintiff suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to be healed and cured of said injuries.

  WHEREFORE, Plaintiff, NICHOLAS BLETTE, prays for judgment in his favor and against Defendant, EDDIE TAYLOR, in a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs of this suit.

[1262019/1]

## COUNT II

## NICHOLAS BLETTE V. UNITED VAN LINES, LLC.

1-3.   Plaintiff restates and re-alleges paragraphs 1-3 as previously stated in Count I of Plaintiff's complaint at law.

4.   At the aforesaid time and place, EDDIE TAYLOR, operated said motor vehicle as, and in the capacity of, agent, servant and/or employee of Defendant, UNITED VAN LINES, LLC.

5.   At the aforesaid time and place, Defendant, UNITED VAN LINES, LLC. by and through its agent, servant and/or employee, EDDIE TAYLOR, had a duty to operate said motor vehicle in a reasonable manner and exercise ordinary care and caution so as not to cause injury to others, specifically the Plaintiff.

6.   Notwithstanding the aforementioned duty, Defendant UNITED VAN LINES, LLC., by and through its agent EDDIE TAYLOR then and there committed one or more of the following careless and negligent acts and/or omissions:

  a. Carelessly and negligently operated said motor vehicle;

  b. Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of their said motor vehicle;

  c. Failed to yield right of way to another vehicle, specifically Plaintiff's;

  d. Failed to keep an adequate, or any lookout during the operation of said motor vehicle;

  e. Failed to decrease the speed of his vehicle in order to avoid colliding with another vehicle;

  f. Failed to change the course of said motor vehicle so as to avoid striking Plaintiff's vehicle;

[1262019/1]

g. Failed to give audible warning with his horn, when such warning was reasonable and necessary;

h. Failed to decrease speed when special hazards existed by reason of weather;

i. Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 2008, Chapter 625, Section 5/11-601(a);

j. Failed to drive as nearly as practicable entirely within a single lane or move from a lane of traffic without first ascertaining that such movement could be made safely, in violation of Illinois Compiled Statutes, 2008, Chapter 625, Section 5/11-709(a);

k. Otherwise carelessly, negligently, and improperly drove and operated the subject vehicle.

7. That one or more of the aforesaid careless acts and or omissions of the Defendant was a proximate cause of the collision and the personal injuries hereinafter stated.

8. As a direct and proximate result of one or more of the aforementioned acts and/or omissions of Defendant UNITED VAN LINES, LLC., Plaintiff NICHOLAS BLETTE, sustained injuries of a personal and pecuniary nature. Plaintiff suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to be healed and cured of said injuries.

WHEREFORE, Plaintiff, NICHOLAS BLETTE, prays for judgment in his favor and against Defendant, EDDIE TAYLOR, in a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs of this suit.

<u>PLAINTIFF DEMANDS TRIAL BY JURY</u>

[1262019/1]

Respectfully submitted,

GOLDBERG WEISMAN CAIRO

_____
One of Plaintiff's Attorneys

Michael A. Knobloch
GOLDBERG WEISMAN CAIRO
One East Wacker Drive, Suite 3800
Chicago, Illinois 60601
312/ 464-1200
ARDC Number 6286611
Mknobloch@gwclaw.com

[1262019/1]